UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Anthony Frilando, | ) C/A No. 4:08-3532-CWH-TER |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| John R. Owen, Warden, | ) |
| Respondent. | ) |

## BACKGROUND OF THIS CASE

The petitioner is a federal inmate at FCI-Williamsburg which is located in the state of South Carolina. He is serving a 360 month sentence for violating sections of the United States Code. Petitioner's conviction and sentence were entered in the United States District Court for the District of South Carolina. The petitioner filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit on January 5, 1998. The appeal was dismissed as untimely. The petitioner then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 which was denied in April 2003. Petitioner now files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In the § 2241 petition the petitioner contends that he is being illegally detained based on a defective indictment. Petitioner argues that he had no co-defendants and was therefore not part of a conspiracy. Petitioner also argues that during the time in question he was detained in other correctional facilities so he could not have committed the crimes.

1

**DISCUSSION**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, *Nasim v. Warden, Maryland House of Correction*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the § 2241 petition, which raises claims under 28 U.S.C. § 2255, is subject to summary dismissal. The requirement of liberal construction does not mean that the

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Additionally, the mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition or pleading to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). "If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government." *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997)(collecting cases).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080, (7th Cir.1994). Since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all,

under 28 U.S.C. § 2255. *See United States v. Morehead*, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceedings that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead, supra*.

Congress enacted § 2255 "because pertinent court records and witnesses were located in the sentencing district (and it was) impractical to require these petitions to be filed in the district of confinement". *Dumornay v. United States*, 25 F.3d 1056 (Table), 1994 WL 170752 (10th Cir. 1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". *Dumornay*, *supra, citing United States v. Addonizio*, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'". *Dumornay*, *supra, citing Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied,* 377 U.S. 980 (1964).

Additionally, to the extent petitioner is alleging that a Section 2255 motion is inadequate or ineffective to test the legality of his sentence, his argument is misplaced. If a prisoner's § 2255 motion is denied by a sentencing court, the denial itself is not sufficient to demonstrate that the § 2255 motion was inadequate, or ineffective. *Williams*, *supra*. *See also In re Avery W. Vial* 115 F.3d 1192 (4th Cir. 1997) (remedy afforded by § 2255 is not rendered inadequate or ineffective because

an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion); *Atehortua v. Kindt*, 951 F.2d 126 (7th Cir. 1991)(petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241).

In the above-captioned case, the petitioner does not set forth any set of facts which could be construed to show that a second or successive § 2255 motion would be inadequate or ineffective. The Fourth Circuit Court of Appeals set forth the test to determine if a §2255 motion would be inadequate or ineffective in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir.2000).  The Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, *supra @* 333-334.  Petitioner has not set forth any set of facts which could be construed to meet the prongs announced in *Jones*.  As a result, this court does not have jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

Finally, to the extent petitioner is alleging he is actually innocent of the crime for which he was convicted and sentenced, his claim is without merit.  Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).   Prisoners such as petitioner often assert "actual innocence" rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where a direct appeal is unsuccessful (or the time for appeal has expired) and

an initial section 2255 motion or section 2254 petition is also unsuccessful, but the petitioner wishes to file a second or successive writ to raise a "new" issue, or where he or she has committed a procedural default precluding one or more available remedies. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raised the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997). However, in the present case, petitioner's actual innocence claim is facially inadequate to require consideration because petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with *new* reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); *Thompson v. United States*, 211 F.3d 1270 (6th Cir. 2000)(Table)(text available on Westlaw) (bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241). In sum, nothing in this case presents more than an unsupported allegation of "actual innocence " which requires this court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *United States v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).

Since the petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition, and has not demonstrated that he is actually innocent of the charges for which he was convicted and sentenced, this matter must be dismissed.

### **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS® 4614, *2-*3 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

December 10 , 2008                                                               s/Thomas E. Rogers, III
Florence, South Carolina                                        Thomas E. Rogers, III
                                                                                     United States Magistrate Judge

***The petitioner's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).