IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

John Anthony Frilando,             )
                                   )
            Petitioner,            )    4:08-cv-3532-CWH
                                   )
    vs.                            )
                                   )    **ORDER**
John R. Owen, Warden,              )
                                   )
            Respondent.            )
_____)

**I.      Procedural History**

On October 17, 2008, the petitioner, John Anthony Frilando (the "petitioner"), filed a petition pursuant to 28 U.S.C. § 2241 to challenge his 360 month sentence for conspiracy to distribute cocaine and cocaine base (crack) that had been imposed in the United States District Court in Florence, South Carolina.[1] The petitioner's contends in his Section 2241 petition that he is being illegally detained due to a defective indictment, and claims that because he had no co-defendants, he could not have been part of a conspiracy. He also contends that he was incarcerated during the times of the alleged conspiracy.

On December 10, 2008, a magistrate judge issued a report recommending that the petitioner's Section 2241 petition be dismissed without prejudice and without requiring the respondent to file a return, because a challenge to a federal sentence must be brought pursuant to

---

[1] The petitioner's appeal to the Fourth Circuit Court of Appeals was dismissed as untimely. The petitioner then filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied in April 2003.



28 U.S.C. § 2255. On December 24, 2008, the petitioner filed his objections to the report and recommendation.

This matter is now before the Court for disposition. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which specific objection is made. 28 U.S.C. § 636(b). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Matthews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F.Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the report and recommendation, or recommit the matter with instructions. 28 U.S.C. §636(b)(1).

## II. Discussion

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. As noted above, the petitioner has previously filed a Section 2255 petition, which was denied. The petitioner's Section 2241 petition, which challenges his federal conviction and sentence, is properly construed to be a petition pursuant to Section 2255. The only exception to this conclusion is where a Section 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in Section 2255, which permits a district court to consider a Section 2241 petition challenging the validity of the prisoner's detention when Section 2255 is "inadequate or ineffective to test the legality of . . . detention."

The Fourth Circuit Court of Appeals has held that a Section 2255 motion is inadequate or ineffective to test the legality of detention when the following three elements are present:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first Section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

In the present case, the petitioner has not made any showing that his circumstances warrant the application of Section 2255's "savings clause." The petitioner has offered no evidence that the substantive law has changed such that his conduct is now "deemed not to be criminal," as the second-prong of the Jones test requires, nor does he allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which undermines the validity of his criminal conviction. See Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (to present a credible claim of actual innocence, the petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.").

## III.     Conclusion

Applying the Jones factors to the case at bar, it is clear that the petitioner's petition fails. The petitioner does not set forth any set of facts that could be construed to show that a second or successive Section 2255 motion would be inadequate or ineffective. As a result, this court does



Page 3 of 4

not have jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to Section 2241. The petitioner's Section 2241 petition is dismissed without prejudice and without issuance and service of process upon the respondent.

**IT IS SO ORDERED.**

*C. Weston Houck*
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

May 7, 2009
Charleston, South Carolina